[No. C072117. Third Dist. Mar. 7, 2013.]

J.A., Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL
SERVICES et al., Real Parties in Interest.

**COUNSEL**

Myra Bailey for Petitioner.

No appearance for Respondent.

Bruce Alpert, County Counsel; and Kimberly Merrifield for Real Party in Interest Butte County Department of Employment and Social Services.

No appearance for Real Parties in Interest D.B. and S.B.

**OPINION**

**RAYE, P. J.**—Petitioner J.A., father (father) of the minor S.B., seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) to vacate the orders of the juvenile court made at the disposition hearing denying reunification services and setting a Welfare and Institutions Code section 366.26 hearing.[1] Due to delays in preparing and transmitting the record, which made it impossible for the parties to brief and this court to decide the case prior to the scheduled section 366.26 hearing, we issued a stay of the proceedings in the juvenile court. We shall grant the petition and vacate the stay.

## FACTS

In September 2009 the Butte County Department of Employment and Social Services (Department) placed 16-month-old S.B. in protective custody due to her mother's (mother) arrest for child endangerment arising from alcohol abuse and failure to supervise the minor.[2] The petition alleged father had a history of sexual offenses with minors and was a Penal Code section 290 registrant.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Three older half siblings were also detained, but their father is deceased and they are not subjects of this proceeding.

The detention report stated mother had a lengthy history of alcohol and other substance abuse. Father had a learning disability and was molested as a child. He had experienced behavior problems and committed a sex offense as a minor. At age 18 he had sex with a 14-year-old girl and was convicted of the offense. The juvenile court detained the minor, sustained the petition, and ordered reunification services for both parents.

The six-month review report recommended further services for mother but termination of services for father. Father had completed three parenting programs and an anger management program. Father also submitted to a psychological assessment, during which he said he believed he was incapable of providing the care the minor required, both now and in the future. The assessment reiterated a previous diagnosis that father was severely emotionally disturbed and had an antisocial personality disorder, an impulsive disorder, and a severe learning disability. However, the assessment stated that father had not previously received adequate mental health care and might benefit from some targeted services. The assessment concluded father was "unable to create a safe living environment" for the minor and "would not benefit from services to the point of independently caring for" the minor. The review report stated that while father had benefitted personally from services, his diagnosed mental conditions rendered him unable to make sufficient progress in services to be able to safely parent the minor and recommended termination of his reunification services.

At the April 2010 review hearing, the juvenile court terminated father's services while continuing mother's services.

The October 2010 review report recommended a plan of family maintenance with mother. The minor had been placed with her on an extended visit, and father visited the minor two days a week. The court adopted the recommendation.

The next review report recommended granting custody of the minor to mother and terminating the dependency. Father continued to visit the minor twice a week. In April 2011 the court adopted the recommendation and terminated the dependency.

A year later, the Department filed a nondetaining petition due to mother's relapse into substance abuse and failure to participate in a voluntary case plan for the preceding two months. An amended petition added an allegation relating to father's criminal history and registration requirement. In May 2012 the juvenile court ordered the minor detained and sustained the amended petition.

The disposition report recommended denial of services to mother pursuant to section 361.5, subdivision (b)(13) and denial of services to father pursuant to section 361.5, subdivision (b)(10). The Department relied on a recent case, *In re Gabriel K.* (2012) 203 Cal.App.4th 188 [136 Cal.Rptr.3d 813] (*Gabriel K.*), for the proposition that the subdivision (b)(10) bypass provision could apply not just when a parent failed to reunify with a sibling or half sibling, but also when the prior dependency and failure to reunify involved the same child as the current dependency. The report said father had not subsequently made a reasonable effort to treat the problem that led to the initial removal of the minor "as it has been determined that he can not [*sic*] make the effort needed."

Counsel for father filed a trial brief distinguishing *Gabriel K.* on its facts from the current case and arguing services should be provided to father.

Following a contested disposition hearing, the juvenile court, relying on *Gabriel K.* and father's statement in the prior dependency that he could not provide care for the minor, adopted the Department's recommendation to bypass services for father. Father filed a timely notice of intent.

## DISCUSSION

Father argues the bypass provision of section 361.5, subdivision (b)(10) cannot, by its terms, apply to him. He contends the better reasoned approach to construing the provision is found in *In re B.L.* (2012) 204 Cal.App.4th 1111 [139 Cal.Rptr.3d 525] (*B.L.*), which disagrees with the reasoning and conclusion of *Gabriel K.* We find that the discussion in *B.L.* is more persuasive and decline to follow *Gabriel K.*

■ Section 361.5, subdivision (b) allows the juvenile court to deny services to a parent under specific circumstances. Subdivision (b)(10) of section 361.5 permits denial of reunification services when the court finds by clear and convincing evidence "[t]hat the court ordered termination of reunification services for any *siblings or half siblings of the child* because the parent or guardian failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a) and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from that parent or guardian." (Italics added.)

In *Gabriel K., supra*, 203 Cal.App.4th 188, the child was removed from parental custody, the mother failed to take advantage of reunification services, and her services were terminated. (*Id.* at p. 191.) The father reunified with the child but thereafter permitted the mother to have custody. (*Id.* at pp. 191–192.) Some time later, the child was again removed from parental custody. (*Id.* at pp. 192–193.) At the disposition hearing, the mother opposed the recommendation to deny her services pursuant to section 361.5, subdivision (b)(10), arguing that the subdivision only applied when services were previously terminated in a sibling's or half sibling's case. (*Gabriel K.*, at p. 194.) The juvenile court denied the mother reunification services. (*Ibid.*) On appeal, the reviewing court found the subdivision ambiguous, and "[r]ather than applying technical rules of statutory construction," construed the subdivision so as to further the perceived legislative intent to deny services where the parents had previously failed to reunify and further services would be fruitless. (*Id.* at p. 195.) The court affirmed the denial of services as "consistent with the legislative intent" and "within the spirit of the statute." (*Id.* at p. 196.)

■ Shortly after the decision in *Gabriel K.*, the interpretation of section 361.5, subdivision (b)(10) was considered in *B.L., supra*, 204 Cal.App.4th 1111. Under circumstances similar to *Gabriel K.*, where the same child was twice the subject of dependency proceedings and the parent was denied services in the second proceeding pursuant to subdivision (b)(10), the court in *B.L.* disagreed with the analysis in *Gabriel K.*, finding the plain language of the statute limited application of the subdivision to cases where there was a previous " 'termination of reunification services for any *siblings or half siblings* of the child.' " (*B.L., supra*, 204 Cal.App.4th at p. 1116.)

■ We agree with the conclusion in *B.L.* that the limiting language in section 361.5, subdivision (b)(10) is not ambiguous. As did the court in *B.L.*, we presume the Legislature meant what it said. (*B.L., supra*, 204 Cal.App.4th at p. 1116.) When the language is not ambiguous, the plain meaning of the language governs. (*Ibid.*) ■ We further agree with the court in *B.L.* that we may not rewrite the clear language of an unambiguous statute to broaden its application. (*Ibid.*) Extending subdivision (b)(10) to include the same child is a matter for the Legislature to address.

■ The juvenile court erred in relying on section 361.5, subdivision (b)(10) when denying services to father. The order denying reunification services to father and setting a section 366.26 hearing must be vacated. A new disposition hearing must be set to consider whether reunification services will be offered to father or denied on some other ground.

## DISPOSITION

The petition is granted. Let a peremptory writ issue directing the juvenile court to vacate its order denying reunification services and setting a section 366.26 hearing, and to hold a new disposition hearing to consider whether to order reunification services for father. The decision is final forthwith as to this court. (Cal. Rules of Court, rule 8.490(b).) The stay previously granted is hereby vacated.

Hull, J., and Murray, J., concurred.