Filed 12/18/13  In re Alisha S. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re ALISHA S., a Person Coming Under the Juvenile Court Law. | D064446 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ14670B) |
| v. | |
| SCOTT S. et al., | |
| Defendants and Respondents; | |
| ALISHA S., | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Affirmed.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Respondent Scott S.

Joanne D. Willis Newton, under appointment by the Court of Appeal, for Defendant and Respondent Arleen K.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Paula J. Roach, Deputy County Counsel, for Plaintiff and Respondent.

Julie E. Braden, under appointment by the Court of Appeal, for Minor.

Child Alisha S. appeals following the dispositional hearing in her dependency case. She contends the juvenile court erred by ordering reunification services for her mother, Arleen K., and father, Scott S. (together, the parents). We affirm.[1]

BACKGROUND

The parents' son S.S. was born in February 2012. He was medically fragile, and the San Diego County Health and Human Services Agency (the Agency) filed a dependency petition alleging medical neglect by the parents. The court ordered S.S. removed from Arleen's custody pursuant to Welfare and Institutions Code[2] section 361.[3] The parents were offered

---

[1]    The parents move to dismiss the appeal as moot, arguing that the six-month review hearing, set for February 6, 2012, will take place before this court's opinion becomes final. Alisha opposes the motion and we deny it.

[2]    Further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[3]    The court found that it would be detrimental to S.S. to be placed with Scott, who was at that point an alleged father. (§ 361.2, subd. (a) ["When a court orders removal of a child pursuant to [§] 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing . . . , who desires to assume custody . . . . If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child."].) The same bench officer presided in Alisha's case, and then noted there was a typographical error in S.S.'s dispositional minute order, which stated that S.S. was removed from "the parents."

2

reunification services for more than six months, but did not participate in services or respond to the Agency's attempts at contact. The parents were also offered services through the Indian Health Council (IHC). With the assistance of an IHC drug counselor, Arleen made an appointment to enter a residential substance abuse treatment facility, but did not follow through. The parents failed to reunify with S.S., and the court ordered a permanent plan of another planned permanent living arrangement.

Alisha was born in April 2013, approximately two months after services ended in S.S.'s case. Alisha too suffered from medical complications. Arleen left the hospital the day after Alisha's birth, and Alisha remained there. At various times, Alisha required breathing and feeding tubes, oxygen, medication and physical and occupational therapy. After three days, Arleen returned to the hospital and Scott made his first visit. After that, the parents called the hospital or visited almost daily. Their visits lasted from five minutes to two and one-half hours.

Approximately one week after Alisha's birth, the social worker attempted to contact the parents. After nearly two weeks of making telephone calls and sending letters, the social worker reached the parents by telephone. Arleen met with the social worker in early May, but Scott did not show up for the meeting. The Agency offered Arleen referrals for counseling and medical care. Additionally, Halona Sheldon, an Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) case manager, offered the parents referrals and services. In May, Arleen contacted her drug counselor, but did not begin treatment or contact the counselor again. Arleen also attended one individual therapy session in May. She did nothing further.

In early May 2013, the Agency filed a dependency petition. The petition alleged that Alisha tested positive for marijuana at birth. Arleen admitted using drugs during pregnancy and had little prenatal care. Arleen had untreated diabetes, which resulted in a working diagnosis of hypotonia for Alisha. Scott had a history of drug use.

In late May 2013, Alisha was released from the hospital and detained in the foster home where S.S. resided. After that, the parents did not visit Alisha. The Agency spent three weeks trying to find the parents. In early June, the social worker met with Arleen again and with Scott for the first time. The social worker gave the parents referrals to drug treatment and counseling. Arleen walked out of the meeting before it was over.

The parents subsequently failed to stay in touch with the Agency and the foster parent. The Agency attempted to contact the parents by telephone, letters and home visits. The only response was two voice mail messages from Scott. The social worker called back several times but was unable to reach Scott.

In June 2013, the court found that ICWA applied.[4] In August, the court made a true finding on the petition and ordered Alisha placed in foster care. The court ordered reunification services for the parents, concluding, inter alia, that section 361.5, subdivision (b)(10), an exception to the general entitlement to reunification services (§ 361.5, subd. (a)), did not apply to Scott.[5]

## DISCUSSION

---

[4] Arleen is a member of an Indian tribe and Alisha is eligible to apply for enrollment.

[5] Alisha's trial counsel and Sheldon recommended denying the parents services. The Agency recommended granting services.

Section 361.5, subdivision (b)(10) allows the court to deny reunification services if "the court ordered termination of reunification services for any siblings or half siblings of the child because the parent . . . failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent . . . pursuant to Section 361 and that parent . . . is the same parent . . . described in subdivision (a) and that, according to the findings of the court, this parent . . . has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from that parent . . . ."  "The court shall not order reunification for a parent . . . described in [section 361.5, subdivision (b)(10)] unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child."  (§ 361.5, subd. (c).)

Here, the court determined that section 361.5, subdivision (b)(10) was inapplicable to Scott because S.S. had not been removed from his custody pursuant to section 361.  As to Arleen, the court determined that section 361.5, subdivision (b)(10) did apply and reunification would not be in Alisha's best interests pursuant to section 361.5, subdivision (c).  However, citing ICWA and the fact that Scott would receive services, the court concluded that it would be in Alisha's best interests for Arleen to receive services.  "In all Indian child custody proceedings, . . . the court shall . . . strive to promote the stability and security of Indian tribes and families, comply with [ICWA], and seek to protect the best interest of the child."  (§ 224, subd. (b).)

5

Alisha's appellate counsel contends the denial of S.S.'s placement with Scott, pursuant to section 361.2, subdivision (a),[6] is consonant with a removal pursuant to section 361, for purposes of section 361.5, subdivision (b)(10). We disagree.

" ' "[I]f the statutory language is not ambiguous, then we presume the Legislature meant what it said, and the plain meaning of the language governs." ' [Citation.] ' "Appellate courts may not rewrite unambiguous statutes" ' or 'rewrite the clear language of [a] statute to broaden the statute's application.' [Citation.]" (*In re B.L.* (2012) 204 Cal.App.4th 1111, 1116.) Section 361.5, subdivision (b)(10) unambiguously requires previous removal of a sibling or half sibling from the parent pursuant to section 361. (*In re B.L.,* at p. 1116; *Melissa R. v. Superior Court* (2012) 207 Cal.App.4th 816.) S.S. was not removed from Scott's custody. Thus, the court properly concluded that section 361.5, subdivision (b)(10) did not apply to Scott.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

IRION, J.

---

[6]    Scott asserts "it is not at all clear the juvenile court made its detriment findings regarding placement of [S.S.] with [Scott] under section 361.2" and that as an alleged father, he was not eligible for placement pursuant to section 361.2. We need not discuss this assertion.