Filed 6/24/16  In re H.G. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re H.G., a Person Coming Under the Juvenile Court Law. | B267432 (Los Angeles County Super. Ct. No. DK11411) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>T.T.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Dismissed.

Michelle Ben-Hur, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, R. Keith Davis, Acting Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

The mother, T.T., appeals from a dispositional order. The Department of Children and Family Services (the department) has moved to dismiss her appeal on mootness grounds. We placed the matter on calendar and now order dismissal of her appeal.

The mother's opening brief challenges: the juvenile court's removal order and substantial danger finding; the sufficiency of the evidence in support of the removal order; and the setting of an out of home review pursuant to Welfare and Institutions Code section 366, subdivision (a)(1). After the opening brief was filed, the juvenile court: returned the child, H.G., to the mother's custody; ordered an additional period of supervision consisting of family maintenance services; and set an in-home review hearing, as sought in the opening brief, pursuant to Welfare and Institutions Code section 364, subdivision (a).

The department then moved to dismiss the appeal on mootness grounds. We agree with the department. The appeal is now moot as there is no effectual relief we can provide to the mother, as she concedes. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; *In re B.L.* (2012) 204 Cal.App.4th 1111, 1117; *In re Melissa R.* (2009) 177 Cal.App.4th 24, 34; *In re B.D.* (2008) 159 Cal.App.4th 1218, 1240-1241; *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390; *In re Albert G.* (2003) 113 Cal.App.4th 132, 135; *In re Dani R.* (2001) 89 Cal.App.4th 402, 405-406; *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.)

There is no merit to the mother's argument that we should not dismiss because there is a recurring error occurring in this county. That error is that children are being removed from one parent's custody while another parent has custody. If that in fact is a recurring error, it was corrected immediately after the opening brief was filed. And this issue has been the subject of a number of published opinions already as conceded by the mother. No persuasive grounds exist to deny the department's dismissal motion.

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

BAKER, J.

3