Filed 1/26/26  In re G.L. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re G.L. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> M.L. et al. <br><br> Defendants and Respondents; <br><br> G.L. et al., <br><br> Respondents. | D086390 <br><br> Consolidated with Case No. D086741 <br><br> (Super. Ct. Nos.  NJ15686B–E) |

APPEAL from orders of the Superior Court of San Diego County, Alejandro Morales, Judge.  Appeal dismissed as moot.

David J. Smith, Acting County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Natasha C. Edwards, Deputy County Counsel, for Plaintiff and Appellant.

Lelah S. Forrey-Baker, under appointment by the Court of Appeal, for Defendant and Respondent, M.L., Mother.

Sarah Vaona, under appointment by the Court of Appeal, for Defendant and Respondent, F.D., Father.

Jesse McGowan, under appointment by the Court of Appeal, for Respondent Minors, G.L. et al.

At a contested disposition hearing, the juvenile court placed the four children at issue with F.D. (Father) in Guatemala, authorized their travel to Guatemala, and terminated jurisdiction with custody orders. (Welf. & Inst. Code, § 361.2, subd. (b)(1).)[1] The court stayed the orders to allow the San Diego County Health and Human Services Agency (Agency) time to arrange international travel for the children. (Code Civ. Proc., § 917.7.) After issuance of the disposition orders, Father informed the Agency he was not prepared to take custody of the children and would not accept them. The Agency sought reconsideration of the disposition orders under section 385. The court concluded it lacked jurisdiction to modify the disposition orders, explaining that the Agency's remedy was to file new dependency petitions.

The Agency appeals, contending the court erred by denying its section 385 reconsideration motion.[2] It seeks a remand with directions for the juvenile court to reconsider the motion based on the changed circumstances. M.L. (Mother) and Father respond that the appeal is moot

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Mother also appealed from the disposition orders and we consolidated her appeal with the Agency's appeal. Mother subsequently abandoned her appeal and we issued a remittitur as to Mother.

because the Agency has already filed new petitions. We agree and dismiss the Agency's appeal as moot.[3]

### FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father are the parents of now five-year-old G.L., four-year-old D.L., two-year-old I.L., and one-year-old F.F. Mother also has a 16-year-old daughter, E.L., with another man.[4] The family has an extensive child welfare history involving referrals for domestic violence and Mother's substance abuse. The family resided together until September 2024, when Father was detained and subsequently deported to Guatemala. In December 2024, the Agency received a referral after Mother was found drinking in her vehicle with three of the children present. The following month, E.L. contacted law enforcement after Mother had been drinking and made suicidal statements.

The children and E.L. were detained at Polinsky Children's Center. In January 2025,[5] the Agency filed petitions under section 300, subdivision (b)(1)(D), alleging Mother's alcohol abuse and Father's inability to protect and supervise the children. Father appeared by telephone at the detention hearing and requested placement of the children. The juvenile court made a prima facie finding on the petitions, detained the children out of home, and ordered visitation for the parents. In February, Father informed the social

---

[3] We grant the Agency's unopposed request filed on October 21, 2025, for this court to take judicial notice of post-appeal orders. (Evid. Code, §§ 459, subd. (a) & 452, subd. (d)(1).)

[4] E.L. is not a party to this appeal and will be discussed as relevant.

[5] Undesignated date references are to 2025.

worker that he lived in a spacious home in Guatemala and wanted the children placed in his care. By March, the children were placed in three separate resource homes.

The Agency explored placement with Father in Guatemala, initiated a home evaluation, and received an evaluation in March. Meanwhile, Mother pled guilty to felony DUI and misdemeanor child endangerment and was sentenced to two years in prison. In May, the juvenile court sustained the petitions and bifurcated disposition to allow additional time to determine whether placement with Father was appropriate. By June, the four younger children were placed together in the same resource home, while E.L. was placed separately.

The contested disposition hearing occurred over three days in July. The juvenile court found that Father consistently participated in the proceedings, attempted to maintain contact with the children, and testified that he wanted custody. The juvenile court found Mother was unable to care for the children and failed to demonstrate by clear and convincing evidence that placement with Father would be detrimental to them. It removed custody from Mother pursuant to section 361. While acknowledging the significant bond between E.L. and the children, the court found Father shared an equally strong bond and that the statutory preference for placement with a parent controlled. The court placed the children with Father in Guatemala and terminated jurisdiction. It then stayed the order as to the children to allow the Agency to arrange international travel.

Following the disposition hearing, the social worker contacted Father to discuss travel logistics. Father stated he believed the children would be sent to Guatemala in three to five months, explained he could not financially provide for them, and indicated he would not retrieve them from the airport

4

the following week.  Based on this development, the Agency moved for reconsideration under section 385.  It sought a finding that Father was no longer seeking custody and requested reunification services for him.

The juvenile court held two special hearings on the Agency's reconsideration request.  The Agency argued that the stay issued under Code of Civil Procedure section 917.7 stayed the entirety of the disposition order, including termination of jurisdiction.  The juvenile court rejected this argument, concluding Code of Civil Procedure section 917.7 stayed only the order removing the children from California.  Because jurisdiction had been terminated, section 385 did not apply, and the Agency was required to file new petitions based on Father's refusal to accept placement.

In August, the Agency filed new petitions for the children which the juvenile court sustained.  The court entered new disposition orders placing the children in foster care with reunification services to both parents.

## DISCUSSION

The Agency contends the stay issued under Code of Civil Procedure section 917.7 was not limited to the order authorizing the children's removal from California but also encompassed the order terminating juvenile court jurisdiction.  On that basis, the Agency argues the juvenile court erred in concluding it lacked authority to consider the Agency's section 385 motion, thereby preventing the court from acting in the children's best interests and from safeguarding statutory timelines designed to promote timely permanency.  It seeks a remand directing the juvenile court to reconsider the section 385 motion based on subsequent procedural developments, the children's best interests, and the reunification framework.

The Agency further asserts the appeal is not moot notwithstanding the filing and sustaining of new dependency petitions, arguing the children

5

suffered ongoing harm due to an unnecessary delay in the reunification timeline. Alternatively, should the appeal be deemed moot, it urges us to decide it anyway, asserting the juvenile court's ruling prejudiced the children by extending the reunification period. The Agency also observes that no published authority addresses the scope of juvenile court authority during the pendency of a Code of Civil Procedure section 917.7 stay.

Mother disagrees, arguing the appeal is moot because no effective relief remains available. She contends that retroactively altering reunification timelines would defy common sense and infringe upon both the parents' and the children's substantive due process rights in maintaining familial relationships. Even if this court were to exercise its discretion to consider the merits notwithstanding mootness, Mother argues the juvenile court correctly concluded it lacked jurisdiction to modify its dispositional orders after terminating jurisdiction.

An appeal in a dependency matter is moot when, due to subsequent events, the reviewing court can no longer grant any effective relief, even if the appellant were to prevail. (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Relief is "effective" only if there is both an ongoing harm and a remedy capable of addressing that harm through the requested outcome. (*Ibid.*) Although a technically moot appeal may be reviewed in the court's discretion, such review is generally reserved for cases presenting issues of broad public importance likely to recur, controversies likely to reemerge between the parties, or unresolved material questions requiring judicial determination. (*Id.* at p. 282.)

The threshold inquiry, therefore, is whether any effective relief remains available to the Agency. The Agency seeks reversal of the July 30 order denying its section 385 motion for reconsideration of the disposition order

6

placing the children with Father and terminating jurisdiction. In that motion, the Agency requested a finding that Father was no longer seeking custody and an order providing reunification services. Subsequent events have rendered that request academic. The juvenile court has since sustained new petitions, placed the children in foster care, and ordered reunification services for both parents. In substance, the Agency has already obtained the relief it sought.

The Agency nonetheless argues the appeal is not moot due to "the delay in the reunification timeline," and asks that the matter be remanded so the juvenile court may reconsider the section 385 motion and retroactively align the reunification timeline with E.L.'s case. As Mother notes, accepting this position could lead to untenable results, including the possibility that Mother would be deemed to have exhausted a significant portion—or all—of her reunification period before services were ever ordered.

In any event, we review the correctness of the juvenile court's ruling, not the reasoning articulated in support of it. (*In re B.L.* (2012) 204 Cal.App.4th 1111, 1116.) The Agency's sole remaining objective on appeal is to secure a shortened reunification timeline. Yet the July 30 order denying reconsideration did not address reunification timelines; it simply denied the section 385 motion. The issue of timelines was neither raised nor litigated at the hearing. To avoid dismissal on mootness grounds, the Agency effectively asks this court to decide an issue never presented to the juvenile court and one that remains fully capable of being addressed prospectively in the ongoing dependency proceedings. We will not decide a moot appeal based on unsupported assumptions about what might or might not happen in the dependency proceedings.

7

Although we retain discretion to review a moot appeal, none of the recognized grounds for doing so meaningfully applies here. Only the first— whether the case presents an issue of broad public interest likely to recur— arguably applies, given the juvenile court's interpretation of Code of Civil Procedure section 917.7. Even so, we need not reach that statutory question. The dispositive issue is the propriety of the order denying the section 385 motion, not the court's rationale concerning the scope of the stay. Given subsequent proceedings granting reunification services and reasserting jurisdiction, the correctness of the denial is no longer justiciable. Addressing the scope of the stay under these circumstances would amount to an advisory opinion, which we decline to issue.

## DISPOSITION

The appeal is dismissed as moot.

BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.

8