Filed 3/6/15  In re S.E. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.E., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JAMES E.,<br><br>Defendant and Respondent. | F069793<br><br>(Super. Ct. No. 06CEJ300202-3)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Daniel Cederborg, County Counsel, and Amy K. Cobb, Deputy County Counsel, for Plaintiff and Appellant.

Caitlin U. Christian, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

Fresno County Department of Social Services (the Department) appeals from the juvenile court's order granting reunification services to S.E.'s father, James E. (father), contending that reunification services should have been denied father pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(10).[1] While this appeal was pending, the juvenile court terminated reunification services to father. We will dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL SUMMARY

S.E. was born in April 2012. The day after his birth he was removed from the care of his mother (mother) because he was found to be at substantial risk of suffering physical neglect. Mother tested positive for methamphetamine at his birth. Mother previously had tested positive for methamphetamine at the birth of a half-sibling and received court-ordered substance abuse treatment. In addition, mother previously had failed to reunify with S.E.'s half-siblings, who were the subject of an earlier dependency proceeding.

The juvenile court ordered family reunification services be provided to both mother and father. In February 2013, reunification services were ordered terminated for both parents, with family maintenance services to be provided only for mother. In August 2013, the dependency proceedings were terminated, with the mother being granted sole legal and physical custody of S.E. Father was to receive no visitation while incarcerated.

Dependency proceedings were reinstated for S.E.'s half-siblings, Isaiah M. and Samuel M., on November 5, 2013.

On March 10, 2014, a new section 300 proceeding was filed on behalf of S.E. The petition alleged mother, despite receiving substance abuse treatment, had tested positive

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

2.

for methamphetamine and marijuana and was abusing alcohol. The petition also alleged father was unable to protect or supervise S.E. adequately because of father's substance abuse, extensive criminal history, and his failure to complete previously ordered reunification services. Father was in custody.

The detention report noted that mother had a criminal history dating back to 2003, including possession of a controlled substance and two convictions for driving under the influence of alcohol and/or drugs. Father's criminal history dated back to 1999 and was more extensive, including convictions for possession of a controlled substance, possession of paraphernalia, driving under the influence, receiving stolen property, residential burglary, and resisting arrest. The detention report also noted that S.E.'s parents appeared to fall within section 361.5, subdivision (b), as they previously had received services.

At the detention hearing on March 11, 2014, the juvenile court found there was a substantial danger to the physical health of S.E. and there was no reasonable means to protect the child without removing him from the home. The juvenile court found that both parents "appear[ed] to meet" the section 361.5, subdivision (b) criteria, as they previously had received family reunification services in 2012. A jurisdictional hearing was ordered scheduled.

The matter was set for a contested jurisdictional and dispositional hearing on May 20, 2014. Father contested the application of section 361.5, subdivision (b)(10) as to him, contending it was inapplicable. Specifically, father asserted he was a nonoffending and noncustodial parent, and that he had never failed to reunify with any siblings or half-siblings of S.E.'s.

The Department filed responsive points and authorities, stating that the "absurd consequence doctrine" should operate to apply section 361.5, subdivision (b)(10) to father. The Department argued that failure to apply section 361.5, subdivision (b)(10) to father defeated the purpose of dependency, "which is to act in [S.E.'s] best interests."

3.

The Department further argued father failed to reunify with S.E. in the prior dependency and that but for the actions of S.E.'s mother resulting in a second dependency petition, father would not be in a position to seek additional reunification services. In the jurisdictional and dispositional reports filed by the Department, the Department contended reunification services should be denied pursuant to section 361.5, subdivision (b)(10) and (13) and father should be denied custody of S.E. pursuant to section 361.2, subdivision (a).

At the contested jurisdictional and dispositional hearing, counsel for father stated father was not contesting the application of section 361.2 as to him. Father was still in custody and S.E. could not be placed with him. The juvenile court interrupted counsel to state, "Non-offending non-custodial. He didn't have physical custody and therefore you're not contesting issue of placement." Both counsel for the Department and counsel for father corrected the juvenile court and noted that father was an offending parent.

Counsel for father argued that section 361.5, subdivision (b)(10) could not be used to deny reunification services to father as the plain language of the statute did not apply in the current situation. The juvenile court clarified that the Department was not asserting section 361.5, subdivision (b)(13) applied to father; the Department expressed the opinion that there was insufficient information to support this subdivision.[2] The Department argued extensively that section 361.5, subdivision (b)(10) should be applied in S.E.'s case.

Counsel for the minor agreed with the Department that failing to apply section 361.5, subdivision (b)(10) to father would lead to an absurd result. Minor's counsel also argued, however, that father had a lengthy criminal history, including a conviction for residential burglary that qualified as a violent felony under Penal Code section 667.5,

---

[2]At one point in the transcript there is a reference to section 361.5, subdivision "(b)(15)." This clearly is a clerical error as this subdivision pertains to abduction of the child by a parent, which never was an issue with S.E.

4.

subdivision (c). That criminal conviction qualified as a basis for denial of reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(12). As minor's counsel noted, this was raised in the social study reports filed with the juvenile court and never challenged by father. The juvenile court indicated that it did not believe minor's counsel had standing to raise this as a basis for denial of services. Minor's counsel responded (1) the information was in the social study; (2) the Department had asserted father should be denied reunification services, or bypassed; and (3) subdivision (b)(12) of section 361.5 was a valid ground for bypassing, or denying, reunification services.

Minor's counsel argued that reunification services should be denied to father pursuant to section 361.5, subdivision (b)(12), denied to mother pursuant to subdivision (b)(10) and (13), and requested that a section 366.26 permanent plan hearing be set. The juvenile court took a recess to consider its ruling. The juvenile court found that section 361.5, subdivision (b)(10) and (13) was proved as to mother and denied services. As to father, the juvenile court noted there were appellate decisions that interpreted and applied section 361.5, subdivision (b)(10) differently, but there were no opinions from the Fifth Appellate District. The juvenile court determined that section 361.5, subdivision (b)(10) was legally inapplicable to father.

At the conclusion of the hearing, the juvenile court ordered that S.E.'s placement in foster care be continued and ultimately ordered reunification services be provided to father. The juvenile court set a six-month review hearing. No permanent plan hearing was set.

On July 18, 2014, the Department filed a notice of appeal. On January 5, 2015, after both parties had submitted briefing, the Department filed a request for judicial notice. The Department asked this court to judicially notice two documents that had been issued in the case by the juvenile court subsequent to the filing of the notice of appeal. On January 23, 2015, this court granted the request for judicial notice.

The documents judicially noticed by this court were the social study for the status review hearing and the order issued as a result of that hearing. The social study filed in the juvenile court on November 4, 2014, for the status review hearing recommended that reunification services be terminated for father and that a section 366.26 hearing be set for S.E. The order from the hearing indicates the juvenile court found father had made no progress on reunification and ordered reunification services terminated. A section 366.26 hearing was set for March 3, 2015.

The social study for the review hearing notes that father failed to participate in parenting classes, failed to participate in substance abuse treatment, and failed to show up for random drug testing as required after his release from incarceration.

On January 8, 2015, this court asked for briefing from the parties as to whether, in light of the November 4, 2014, order terminating reunification services to father and setting a permanent plan hearing, the appeal should be dismissed as moot. Both parties filed responses indicating they wished this court to address the merits of whether section 361.5, subdivision (b)(10) applied to father. We deferred ruling on the mootness issue raised by this court pending a review of the appeal.

## DISCUSSION

Section 361.5, subdivision (b)(10) provides that reunification services need not be provided to a parent where the juvenile court previously ordered termination of reunification services for any sibling or half-sibling because the parent failed to reunify after the sibling or half-sibling had been removed from that parent. It is undisputed that S.E. was the subject of a prior dependency proceeding and father failed to reunify with S.E. in that proceeding. It also is undisputed that the reunification services ordered provided to father in the current dependency have been terminated and a section 366.26 hearing currently is scheduled. In response to this court's request for briefing on the issue of mootness, both parties ask this court to address the application of section 361.5, subdivision (b)(10), regardless of whether the issue is moot as to father.

6.

"When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.) "On a case-by-case basis, the reviewing court decides whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding." (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1055.)

The minor in this case, S.E., will be three years old in April. He has spent the vast majority of his short life as a dependent of the court and in foster care. The juvenile court has, finally, scheduled a section 366.26 hearing for S.E. so a permanent placement can be selected. The social study states S.E.'s foster parents wish to adopt him and provide a permanent, stable home.

When reunification services have been terminated and a section 366.26 hearing has been scheduled, the focus shifts from reunification with a parent to the minor's interest in permanence and stability. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317; *In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) Where, as here, the child is adoptable and there is a family ready and willing to adopt the minor, termination of parental rights "will be relatively automatic." (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 250.) We find no indication that such will not be the case with S.E. at the section 366.26 hearing.

As for the Department's contention that absent application of section 361.5, subdivision (b)(10) to father there could be subsequent dependency proceedings involving S.E. where father again would be entitled to receive reunification services, we disagree. What the Department overlooks is that subdivision (b)(10) is not the only grounds on which a parent can be denied reunification. Counsel for father noted that the Department had been given an opportunity to argue for denial of reunification on other grounds; it failed to avail itself of that opportunity. As S.E.'s own counsel pointed out in the juvenile court, section 361.5, subdivision (b)(12) appears applicable to father. The Department failed to assert this ground, however, and the juvenile court therefore refused to rely upon it. Moreover, having failed in this dependency to participate in substance

7.

abuse treatment and submit to random drug testing, it appears that section 361.5, subdivision (b)(13) would be applicable to father in any future proceedings. Lastly, it appears likely that based upon the history of failed reunification by both parents, parental rights will be terminated at the section 366.26 hearing.

Furthermore, section 361.5, subdivision (b)(10) requires as a prerequisite to its application that the parent has failed to reunify after the child "ha[s] been removed from that parent." The Department failed to argue or produce evidence that S.E. was ever removed from father. The first dependency was filed after S.E.'s birth, when the child was in the hospital. The second dependency was filed when father was incarcerated.

Finally, any decision from this court addressing the legal issue will not necessarily resolve the issue. Two published cases from different appellate districts— *J.A. v. Superior Court* (2013) 214 Cal.App.4th 279, 284, issued by the Third Appellate District, and *In re B.L.* (2012) 204 Cal.App.4th 1111, 1116-1117, issued by the Fourth Appellate District—hold that subdivision (b)(10) of section 361.5 cannot be applied to situations where a parent has failed to reunify with the same child in an earlier proceeding. One published case, *In re Gabriel K.* (2012) 203 Cal.App.4th 188, 195, holds that subdivision (b)(10) does apply when a parent has failed to reunify with the same child because the intent of the subdivision is to deny reunification to a parent who previously failed to reunify. The split in authority from the appellate districts can be resolved only by a decision from the California Supreme Court or action by the Legislature.

**DISPOSITION**

The appeal is dismissed as moot.

_____
CORNELL, Acting P.J.

WE CONCUR


_____
GOMES, J.


_____
PEÑA, J.

9.