Filed 9/18/19

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re I.A. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>B.A. et al.,<br><br>     Defendants and Respondents;<br><br>I.A. et al.,<br><br>     Appellants. | E071757<br><br>(Super.Ct.Nos. J277594 & J277595)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Annemarie G. Pace, Judge. Reversed and remanded with directions.

Melissa A. Chaitin, under appointment by the Court of Appeal, for Appellants.

Valerie Ross for Defendant and Respondent B.A.

1

Jacques Alexander Love, under appointment by the Court of Appeal, for Defendant and Respondent D.V.

Michelle D. Blakemore, County Counsel, and Svetlana Kauper, Deputy County Counsel, for Plaintiff and Respondent.

I

INTRODUCTION[1]

B.A. (Mother) and D.V. (Father) are the parents of six-year-old I.A.-V. (I.) and eight-year-old Is.A.-V. (Is.).[2] Mother and Father have a history with child protective services due to ongoing domestic violence and neglect issues, resulting in the removal of their children from their care. This is I. and Is.'s third dependency.

I. and Is. were first removed from Mother in 2015. At the close of the first dependency, Mother's reunification services were terminated, and Father received legal and physical custody of I. and Is. In 2017, I. and Is. were removed from Father's custody and placed with Mother as a previously noncustodial parent. The second dependency resulted in Mother receiving legal and physical custody of the children and termination of Father's reunification services.

---

[1] The introduction is taken from this court's nonpublished opinions in Mother's prior appeal and writ petition (*B.A. v. Superior Court* (Feb. 15, 2019, E071753) [nonpub. opn.] & *B.A. v. Superior Court* (June 27, 2019, E072430) [nonpub. opn.]) unless otherwise noted. On our own motion, we take judicial notice of our prior opinions. (Evid. Code, §§ 451, subd. (a), 452, subds. (b)-(c) & 459.)

[2] Mother is also the mother of eight-month-old L.S. and two-year-old A.A. The subject of this appeal concerns only I. and Is.

The third and current dependency commenced in 2018 after I., Is., and A.A. were removed from Mother's care for the same reasons as previously. At the dispositional hearing, the San Bernardino County Children and Family Services (CFS) recommended to bypass reunification services pursuant to Welfare and Institutions Code section[3] 361.5, subdivision (b)(10) (hereafter 361.5(b)(10)), as to all three children. The juvenile court agreed to bypass Mother's services as to A.A. However, the court interpreted I. and Is. to be "the same child" under the statute and granted Mother reunification services as to I. and Is. Counsel for I. and Is. subsequently appealed.

On appeal, minors' counsel argues that the juvenile court erred in ordering reunification services for the parents in I. and Is.'s case after it found the bypass provision under section 361.5(b)(10) did not apply. County counsel agrees and urges this court to remand the matter with directions the juvenile court reassess the application of section 361.5(b)(10) with the understanding that I. and Is. are "siblings" rather than "the same child" within the meaning of this bypass provision. For the reasons explained, we find that the bypass provision under section 361.5(b)(10) applies to the "same child" or "same children." Accordingly, we reverse the juvenile court's finding that section 361.5(b)(10) did not apply to this case, and remand the matter to the juvenile court with directions to enter an order denying further reunification services to the parents in I. and Is.'s case.

---

[3] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

3

II

DISCUSSION[4]

Counsel for I. and Is. argues the juvenile court erred in finding the bypass provision under section 361.5(b)(10) did not apply in their case. Counsel therefore asserts the court erred in ordering reunification services for the parents in their case.

A.     *Standard of Review*

The minors' argument involves an issue of statutory interpretation, which we review de novo. (*In re Joshua A.* (2015) 239 Cal.App.4th 208, 214-215.) "In ascertaining legislative intent, we look first to the words of the statute, giving effect to their plain meaning. [Citation.] If the statutory language is clear and unambiguous, we presume the Legislature meant what it said and the plain meaning of the statute governs. [Citation.] We construe the language in the context of the statute as a whole and the overall statutory scheme, and give significance to every word, phrase, sentence and part of an act in pursuing the legislative purpose." (*Ibid.*)

"'"Appellate courts may not rewrite unambiguous statutes"' or 'rewrite the clear language of [a] statute to broaden the statute's application.' [Citation.] It is only when the language supports more than one reasonable construction that we consult legislative history, the ostensible objects to be achieved, or other extrinsic aids in order to select the

_____

        **4** Because the issue in this case involves a legal question, we will not recount the factual and procedural background. Moreover, those details are described in length in Mother's nonpublished appeals, case Nos. E071753 and E072430. We will, however, note the additional background relevant to the issue on appeal.

construction that most closely comports with the legislative intent." (*Melissa R. v. Superior Court* (2012) 207 Cal.App.4th 816, 822 [holding the plain language of section 361.5(b)(10) does not apply to sibling who had been removed pursuant to the laws of another state, and thereby had not been "removed . . . 'pursuant to Section 361'"].)

B.      *Reunification Services Generally*

Generally, the juvenile court is required to provide reunification services to a child and the child's parents when a child is removed from parental custody under the dependency laws. (§ 361.5, subd. (a).) The purpose of providing reunification services is to "eliminate the conditions leading to loss of custody and facilitate reunification of parent and child. This furthers the goal of preservation of family, whenever possible." (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 478.) It is also the legislative intent, "that the dependency process proceed with deliberate speed and without undue delay." (*Marlene M. v. Superior Court* (2000) 80 Cal.App.4th 1139, 1151.) "Thus, the statutory scheme recognizes that there are cases in which the delay attributable to the provision of reunification services would be more detrimental to the minor than discounting the competing goal of family preservation. [Citation.] Specifically, section 361.5, subdivision (b), exempts from reunification services '"those parents who are unlikely to benefit"' [citation] from such services or for whom reunification efforts are likely to be 'fruitless' [citation]." (*Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1120 (*Jennifer S.*).)

5

When the juvenile court concludes reunification efforts should not be provided, it """"fast-tracks"""" the dependent minor to permanency planning so that permanent out-of-home placement can be arranged. (*Jennifer S.*, *supra*, 15 Cal.App.5th at p. 1121.) The statutory sections authorizing denial of reunification services are commonly referred to as "'bypass'" provisions. (*Ibid.*) One exception may be found where "the court ordered termination of reunification services for any siblings or half siblings of the child because the parent or guardian failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent or guardian pursuant to Section 361 . . . and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from that parent or guardian." (§ 361.5(b)(10).) "To apply section 361.5, subdivision (b)(10), therefore, the juvenile court must find both that (1) the parent previously failed to reunify with *a sibling* [*or half sibling*] and (2) the parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling [or half sibling]." (*In re Albert T.* (2006) 144 Cal.App.4th 207, 217, italics added.)

Once it has been determined one of the situations enumerated in section 361.5, subdivision (b), applies, """" the general rule favoring reunification is replaced by a legislative assumption that offering services would be an unwise use of governmental resources. [Citation.]"' [Citation.]" (*In re William B.* (2008) 163 Cal.App.4th 1220, 1227; accord, *In re A.G.* (2012) 207 Cal.App.4th 276, 281.) Thus, if the juvenile court

6

finds a provision of section 361.5, subdivision (b), applies, the court "shall not order reunification for [the] parent . . . unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c)(2).) "The burden is on the parent to . . . show that reunification would serve the best interests of the child." (*William B.*, at p. 1227; accord, *A.G.*, at p. 281.)

C.    *Relevant Additional Background*

I. and Is. are full siblings who were removed, returned, and again removed from parental custody at the same time. In addition, section 300 petitions on behalf of I. and Is. were filed at the same time. Prior to the dispositional hearing in I., Is., and A.A.'s cases, the juvenile court issued a written tentative order, finding section 361.5(b)(10) did not apply in I. and Is.'s case, despite its "continued finding and opinion that reunification is not in the best interests of the minors . . . ."

Recognizing that there was a split of authority in the appellate courts, the court explained as follows: "2. With respect to the minors I[.] and Is[.], they were the same two minors removed from the mother in the 2015 dependency case where she failed to reunify. [¶] 3. *In re Gabriel K.* (2012) 203 C[al.]A[pp.]4th 188 [(*Gabriel K.*)], holds that the previous termination of services for one child may justify denial of services under *WIC* 361.5(b)(10) for the same child. [¶] 4. However, in *In re B.L.* (2012) 204 C[al.]A[pp.]4th 1111 [(*B.L.*)] and *J.A. v. Superior Court* (2013) 214 C[al.]A[pp.]4th 279 [(*J.A.*)], the courts held that the plain language of the statute references only 'siblings or half siblings,' and, therefore, does not permit the same child to be the subject of the prior

7

termination of services and the new dependency. [¶] 5. Not only is the Court of Appeal in the *B.L.* case from the Fourth Appellate District where this Court sits (albeit not the same division), but this court agrees that the plain language of the statute does not permit the denial of reunification services for the same child under WIC § 361.5(b)(10). [¶] 6. The court anticipates that counsel for the minors or counsel for the department may argue that I[.] and Is[.] are the siblings of one another and, therefore, the statutory language is satisfied. However, this reading would produce the incongruous result that, if a parent has one child only under this scenario, he or she is entitled to reunification services, but, if he or she has more than one child, he or she is not."

At the December 3, 2018 further contested dispositional hearing, CFS's counsel argued that the juvenile court should treat Is. and I. as separate siblings and not as the "same child" for purposes of applying section 361.5(b)(10). Minor's counsel joined CFS's arguments and noted that "[t]he statute literally reads 'any sibling' not a sibling which was removed at a different time." The juvenile court pointed out that section 361.5(b)(10) was "a conundrum," and noted "If I read it as County Counsel and Minors' counsel wish me to read it, then we have the issue that I pointed out in my tentative, that if you have one child, you keep getting services; you have more than one child, you don't. [¶] On the other hand, we have the issue of children who are subjected to the same sort of neglect or abuse, and there is no bypass. [¶] I suspect that the real reason we have that issue is that the legislators don't understand the weird issues we deal with every day, and they can't envision a situation where—like this case where one

8

parent loses services, the other parent gets custody; then that parent loses custody and the other parent gets the child back; now we're here on a third dependency." The court invited counsel to appeal the issue, noting "[t]he language of the statute is ambiguous, and we're going to need guidance from the appellate court as to how to handle this situation."[5]

D.    *Analysis*

Minors' counsel argues the juvenile court erred in ordering reunification services after it found the bypass provision under section 361.5(b)(10) did not apply in I. and Is.'s case. Specifically, minors' counsel asserts I. and Is. are two different children and that the court erred in considering them to be the "'same child.'" CFS's counsel agrees that I. and Is. cannot be considered "'the same child'" within the meaning of section 361.5(b)(10) because "they are siblings to each other." Minors' counsel also contends that if we find I. and Is. are the "'same child'" or "the same children" for application of section 361.5(b)(10), counsel asks this court to follow the reasoning articulated by the First District Court of Appeal in *Gabriel K.*, *supra*, 203 Cal.App.4th 188 and "construe this subdivision consistent with the Legislature's intent."

---

[5] On December 3 and 10, 2018, minors' counsel filed timely notices of appeal challenging the finding of inapplicability of section 36 l.5(b)(10) in I. and Is.'s case and the granting of reunification services to Mother and Father.

CFS requested a stay of orders. However, on December 4, 2018, CFS withdrew the request to stay the orders. On December 6, 2018, the court lifted the stay, ordered reunification services for the parents in I. and Is.'s case, and set a section 366.21, subdivision (e) hearing for June 6, 2019.

Initially, we disagree with the contentions of CFS and minors that I. and Is. cannot be considered the "same child" or the "same children" for purposes of applying section 361.5(b)(10). Both I. and Is. were removed, returned, and again removed from parental custody simultaneously. In addition, section 300 petitions on behalf of I. and Is. were filed at the same time. Although I. and Is. are siblings to each other, they had been detained together at the same time in each case. Under the circumstances of this case, to treat I. and Is. as not the "same children" within the meaning of section 361.5(b)(10) would lead to absurd results. As the juvenile court pointed out, to consider I. and Is. as siblings of one another "would produce the incongruous result that, if a parent has one child only under this scenario, he or she is entitled to reunification services, but, if he or she has more than one child, he or she is not."

Nonetheless, we agree with the reasoning in *Gabriel K.*, *supra*, 203 Cal.App.4th 188 that section 361.5(b)(10) can apply to the same child or the same children. In *Gabriel K.*, the appellate court found the language of section 361.5(b)(10) to be ambiguous, and "[r]ather than applying technical rules of statutory construction," the court construed "the subdivision in a manner that most comports with the Legislature's intent." (*Gabriel K.*, at p. 195, citing *Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744 (*Renee J.*) [Our Supreme Court observed a legislative intent to restrict the mandatory provision of reunification services if a parent had previously failed at reunification attempts, and in doing so, the court acknowledged that the overriding goal of statutory construction is to give effect to the law's purpose].)

The *Gabriel K.* court concluded that "[t]he intent of [section 361.5 ]subdivision (b)(10) is to allow juvenile courts to deny reunification services if a parent has already failed at attempted reunification. In these circumstances, providing additional reunification services may be fruitless." (*Gabriel K.*, *supra*, 203 Cal.App.4th at p. 195.) The court relied on this intent to construe section 361.5(b)(10) to apply to a subsequent petition involving the same child, explaining that "[a] statute should not be given a literal meaning if to do so would create unintended, absurd consequences. Instead, 'intent prevails over the letter of the law and the letter will be read in accordance with the spirit of the enactment.'" (*Gabriel K.*, at p. 196.) The court noted the policy concerns over an absurd result, explaining "[i]n an era of dwindling resources, the state may reasonably focus its reunification efforts on those families most likely to be reconciled." (*Ibid.*, citing *Renee J.*, *supra*, 26 Cal.4th at p. 744 & *In re Joshua M.* (1998) 66 Cal.App.4th 458, 471.)

As the juvenile court noted, two subsequent cases have disagreed with *Gabriel K.*, holding instead that where statutory language is plain, it cannot be ignored. (*B.L.*, *supra*, 204 Cal.App.4th at p. 1116; *J.A.*, *supra*, 214 Cal.App.4th at p. 284.) In *B.L.*, Division One of this court disagreed with the *Gabriel K.* court's interpretation of section 361.5(b)(10), and held "[t]he plain language of the statute is limited to cases in which there was a previous 'termination of reunification services for any *siblings or half siblings* of the child . . . .'" (*B.L.*, at p. 1116, citing § 361.5(b)(10).)

11

In *J.A.*, *supra*, 214 Cal.App.4th 279, the Third District found *B.L.* to be more persuasive and declined to follow *Gabriel K*. (*J.A.*, at p. 283.) The *J.A.* court agreed "with the conclusion in B.L. that the limiting language in section 361.5, subdivision (b)(10) is not ambiguous." (*J.A.*, at p. 284.) The J.A. court explained, "As did the court in *B.L.*, we presume the Legislature meant what it said. [Citation.] When the language is not ambiguous, the plain meaning of the language governs. [Citation.] We further agree with the court in *B.L.* that we may not rewrite the clear language of an unambiguous statute to broaden its application. [Citation.] Extending subdivision (b)(10) to include the same child is a matter for the Legislature to address." (*J.A.*, at p. 284, citing *B.L.*, *supra*, 204 Cal.App.4th at p. 1116.)

We find the reasoning in *Gabriel K.* to be more persuasive and sound, and decline to follow *B.L.* and *J.A.* Contrary to *B.L.* and *J.A.*, the statutory language concerning whether section 361.5(b)(10) applies to the same child *is* ambiguous. First, for the reasons argued by CFS and minors, section 361.5(b)(10) is ambiguous as to whether I. and Is. can be considered siblings to each other for the purposes of applying section 361.5(b)(10). Second, for the explanation noted by the juvenile court, application of section 361.5(b)(10) under the circumstances of this case is ambiguous where "one parent loses services, the other parent gets custody; then that parent loses custody and the other parent gets the child back; [and] now we're here on a third dependency." In fact, the juvenile court specifically stated "[t]he language of the statue is ambiguous . . . ." Accordingly, we cannot construe section 361.5(b)(10) in a literal manner.

12

Furthermore, if we were to follow the reasoning articulated in *B.L.* and *J.A.*, the results would lead to unintended consequences as it occurred in this case. The juvenile court here specifically found that it was not in I. and Is.'s best interest to provide the parents with reunification services, and the record supports this conclusion. This third dependency in I. and Is.'s case occurred only four months after the second dependency matter was closed and I. and Is. were placed back in Mother's custody. In the first dependency case, the juvenile court terminated Mother's services when she failed to reunify with I. and Is., after they were removed from Mother's custody. In the second dependency matter, the court terminated Father's services when he failed to reunify with I. and Is., after they were removed from Father's custody. In this third and current dependency case, I. and Is. were again brought to the attention of the juvenile court due to the very same issues that were presented in the prior two cases. The parents clearly failed to make reasonable efforts to treat the problems that led to the prior removal of I. and Is.[6]

As explained by our Supreme Court in *Renee J.*, *supra*, 26 Cal.4th 735, reunification services should be offered to those families who are most likely to be reunited. (*Id.* at p. 744.) However, in this case, providing additional reunification services is fruitless. (*Ibid.*) We give section 361.5(b)(10) "a reasonable, commonsense

---

[6] None of the parties dispute the court's finding that it was not in I. and Is.'s best interest to provide further reunification services to the parents. In addition, neither parent asserts that they had made reasonable efforts to treat the problems that led to the prior removal of I. and Is.

interpretation consistent with the apparent legislative intent," and apply the provision in a practical rather than a technical manner by choosing "wise policy over an absurd result." (*Gabriel K.*, *supra*, 203 Cal.App.4th at p. 195, citing *Renee J.*, *supra*, 26 Cal.4th at pp. 743-744.) The juvenile court's order granting reunification services to Mother and Father was unquestionably not in the best interest of either child. Both I. and Is. deserve stability after being subjected to their parents' continued neglectful and abusive conduct. In their relatively short lives, I. and Is. have been removed from parental custody on three separate occasions over a four-year period beginning in March 2015. We find that the juvenile court's grant of further reunification services to Mother and Father for I. and Is. was inconsistent with legislative intent and fell outside the spirit of the statute.

III

DISPOSITION

The juvenile court's finding that section 361.5(b)(10) did not apply to this case is reversed. The matter is remanded to the juvenile court to enter an order denying reunification services to the parents in I. and Is.'s case, and to set a permanency planning hearing pursuant to section 366.26.

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

We concur:


MILLER
Acting P. J.

14

<u>FIELDS</u>                 

J.